

**JAMES A. SAVILLE, JR.**
**HILL RIVKINS LLP**
Attorneys for Plaintiff

45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600



**11 CIV 0208**

RECEIVED
JAN 11 2011
U.S.D.C. S.D.N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X
TEXTAINER EQUIPMENT MANAGEMENT :     Index No.: 11 cv_____(   )
LIMITED, :
                                  :
            Plaintiff, :
                                    :
       - Against - :    **VERIFIED COMPLAINT**
                                    :
GENERAL NAVIGATION S.A. :
                                    :
           Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Plaintiff, Textainer Equipment Management Limited, by and through its attorneys, Hill

Rivkins LLP, as and for its Verified Complaint against the above-named defendant alleges upon

information and belief as follows:

## JURISDICTION

       1. This case involves the foreclosure of a First Preferred Ship Mortgage secured by the

M/V ZONDA, a Liberian flagged vessel, Official Number 9786.

       2. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal

Rules of Civil Procedure and this Court has jurisdiction pursuant to 28 U.S.C. §1333 and 46

U.S.C. §31301 *et seq.*

## PARTIES

3.  At and during all material times hereinafter mentioned, plaintiff Textainer Equipment Management Limited ("Textainer") was and now is a foreign business entity organized and existing by virtue of foreign law with its corporate headquarters at Century House, 16 Par-La-Ville Road, Hamilton HM HX, Bermuda.

4.  At and during all material times hereinafter mentioned, defendant General Navigation S.A. was and now is a Liberian corporation with an office and place of business at c/o Welen International SA, Ruta 8 KM 17,500, Zon Americana Business & Technologie Park, Local 323A, Montevideo 91600, Uruguay and was and now is the owner of the M/V ZONDA.

## GENERAL ALLEGATIONS TO FORECLOSE
## FIRST PREFERRED SHIP MORTGAGE

5.  On or about September 29, 2010, General Navigation, as Owner, executed a First Preferred Mortgage (the "Mortgage") over the M/V ZONDA in favor of Textainer, as Mortgagee, in order to secure the payment obligation of the Owner under a Settlement Agreement dated as of September 29, 2010 (the "Settlement Agreement"), in the amount of US$7,860,735.90 (the "Secured Amount").

6.  The Mortgage was duly and validly executed and recorded in the office of The Republic of Liberia, Bureau of Maritime Affairs at New York, New York on September 30, 2010 at 11:30 a.m. in Book PM 62 at Page 630.

7.  Article III, Section 1 (a) of the Mortgage provides, in relevant part:

> In case any one or more of the following events, herein termed "Events of Default", shall have occurred and continuing:
> (a) any payment in respect of the Indebtedness hereby secured has not been received by the Mortgagee when due and payable under a certain Settlement Agreement dated September 29, 2010, or this Mortgage, provided, however, that Owner will have the opportunity to cure said default by remitting payment within

3(three) dates of the date on which written notice respecting non-payment thereof was sent to the Owner; . . .

then, the security constituted by this Mortgage shall become immediately enforceable and that without limitation, the enforcement remedies specified herein can be exercised and in each and every such case, the Mortgagee shall have the right to:

(1) Declare all the then unpaid Indebtedness hereby secured to be due and payable immediately, and upon such declaration the same, including interest to date of declaration, shall become and be immediately due and payable;

(2) Exercise all of the rights and remedies in foreclosure and otherwise given to mortgagees by the provisions of the law of the Republic of Liberia or of any other jurisdiction where the Vessel may be found;

(3) Bring suit at law, in equity or in admiralty, as it may be advised, to recover judgment for the Indebtedness hereby secured, and collect the same out of any and all property of the Owner whether covered by this Mortgage or otherwise; . . .

8. Under the Settlement Agreement, the first payment in the amount of US$130,000 was due on November 30, 2010. The foregoing payment was not received by the Mortgagee.

9. In accordance with Article III, Section 1(a), Mortgagee sent written notice respecting the non-payment to Owner.

10. Three days have lapsed since written notice of non-payment was sent to Owner and Owner has not cured the default in payment.

12. Plaintiff has declared to Defendant that the Secured Amount, including interest, is immediately due and payable.

13. By reason of the premises, Owner has defaulted under the Mortgage and, as a result, the Secured Amount is immediately due and payable. Under the Mortgage, Plaintiff is also entitled to attorney's fees and court costs.

**W H E R E F O R E**, plaintiff Textainer Equipment Management Limited prays:

3

1. That process in due form of law according to the practice of this Court may issue against defendant General Navigation S.A. citing it to appear and answer the foregoing, failing which, a default will be taken against it for the principal amount of US$7,860,735.90, plus interest, costs and attorneys' fees;

2. That the First Preferred Mortgage on the M/V ZONDA be declared to be a valid and subsisting lien, superior to the interest, liens or claims of any and all persons, firms and corporations wheresoever and whatsoever, except such persons, firms or corporations as have preferred maritime liens over said Vessel;

3. And for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       January 11, 2011

HILL RIVKINS LLP
Attorneys for Plaintiff
Textainer Equipment Management Limited

By: _____
       James A. Saville, Jr.
       45 Broadway, Suite 1500
       New York, New York 10006
       (212) 669-0600

30285/PLEADINGS/COMPLAINT

## VERIFICATION

I, James A. Saville, Jr., hereby affirm as follows:

1. I am a member of the firm Hill Rivkins LLP, attorneys for plaintiff Textainer Equipment Management Limited. I have prepared and read the foregoing Verified Complaint and know the contents thereof and, the same is true to the best of my knowledge, information and belief.

2. The sources of my knowledge, information and belief are documents provided by our clients and our discussions with them.

3. As plaintiff is a foreign business entity and none of its officers is located in the Southern District of New York, this verification is made by me as counsel of record.

I hereby affirm that the foregoing statements are true and correct.

Dated: New York, New York
          January 11, 2011

_____
James A. Saville, Jr.